# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN DEWAYNE MOORE, No. 36285-177, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 11-cv-049-DRH ) ) |
| LISA J. HOLLINGSWORTH, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge two of the prison's policies. Petitioner was convicted in March 2008 after a jury trial in the Northern District of Texas, and sentenced to 360 months' imprisonment for transportation and possession of child pornography. Petitioner's sentence included a special assessment of $200. Petitioner's conviction was affirmed on direct appeal, and his motion for relief pursuant to 28 U.S.C. § 2255 was denied. Petitioner does not seek to challenge his sentence or his conviction in the instant action.

Rule 4 of the Rules Governing Section 2254 Cases in United States District

Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner takes issue with two policies or practices at USP-Marion. First, he objects to the prison administration's refusal to keep a record or log of his outgoing legal, media, or special mail. At one time, the mail room staff was willing to stamp petitioner's copies of his outgoing documents showing the date of mailing, but they later ceased this practice. Petitioner filed grievances over the refusal to log his outgoing mail, but they were ultimately denied on March 24, 2010. Secondly, petitioner objects to his being forced to participate in the "voluntary" Inmate Financial Responsibility Program (IFRP), under which funds are deducted from petitioner's trust account to pay his court-ordered special assessment in quarterly installments. Petitioner received the final denial of his grievance over this matter on March 9, 2010. He filed the instant action on January 18, 2011.

At the outset, this Court must independently evaluate the substance of petitioner's claims to determine if the correct statute - in this case 28 U.S.C. §

2241 - is being invoked.  *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (stating that court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).  Petitioner's complaint over the failure to log his outgoing mail is essentially a challenge to one of the conditions of his confinement.  See, e.g., *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).  Such a claim must be brought in a civil rights action under 42 U.S.C. § 1983, not in a habeas petition.  *Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (stating that a habeas petition is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody"); see also *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

While in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, see, e.g., *Graham*, 922 F.2d at 381-82 (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this.  *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).  It would be particularly inappropriate to recast petitioner's action here because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996).  See generally 28 U.S.C. § 1915.  Specifically, petitioner is responsible for paying a much higher filing fee.  Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.  Should petitioner wish to further pursue his

complaint over the mailroom practices, he must file a civil rights action.[1] Nothing in this order should be construed as an opinion as to the merits of such a claim.

Petitioner's second claim, however, regarding the deduction of funds from his trust account to pay toward his special assessment obligation, appears to have been properly brought under § 2241. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Petitioner is not disputing that portion of his sentence which mandated payment of the special assessment, but instead takes issue with the method of collecting that monetary obligation. He contends that he is being forced to participate in the IFRP, in that he is being threatened with "sanctions" if he withdraws from the program (Doc. 1, p. 10). Petitioner argues that because his judgment and commitment order does not state that the Federal Bureau of Prisons (BOP) is to collect the special assessment, they have no authority to do so without his consent. Petitioner requests in the alternative, that if collections under the IFRP must continue, that the first $75 of his monthly deposits and the

---

[1] Should petitioner wish to file any future civil action, he must pre-pay the filing fee unless he can show that he is in imminent physical danger, because he has already accumulated three "strikes" pursuant to 28 U.S.C. § 1915A for filing actions dismissed as frivolous, malicious, or for having failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g); *Moore v. 204th Dist. Ct., Dallas Cnty. Tex.*, No. 08-cv-2281 (N.D. Tex., dismissed as frivolous Sept. 29, 2009); *Moore v. U.S. Marshals Serv.*, No. 10-cv-1566 (S.D. Tex., dismissed as duplicative and malicious May 17, 2010); *Moore v. 204th Dist. Ct., Dallas Cnty., Tex.*, 376 F. App'x 426, 2010 WL 1751999 (5th Cir. 2010) (dismissing appeal as frivolous, May 28, 2010).

first $450 of all deposits be exempt from IFRP collection, as provided in the BOP Policy Program Statements 5380.08.

The judgment of conviction in petitioner's case states: "The defendant shall pay immediately a special assessment of $200 . . . ." (Doc. 115, dated July 11, 2008, in *United States v. Kevin D. Moore*, No. 07-cr-125-O-1 (N.D. Tex. filed April 4, 2007)). The judgment does not require petitioner to participate in the IFRP. Presumably, then, petitioner voluntarily agreed to participate in the IFRP, and he now wishes to withdraw from the program.

The Seventh Circuit has confirmed that inmates' participation in the IFRP is indeed voluntary, and has found that the consequences that result from a prisoner's decision not to participate in the program do not change the voluntary nature of the IFRP. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010) ("[T]he Bureau of Prisons lacks the power to compel participation in the IFRP . . . . [it] may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating." (citing 28 C.F.R. § 545.11(d))). The privileges which may be available to those who participate in the IFRP include access to job training programs, higher-status housing, community-based programs, and higher commissary spending limits. *Id.* Although petitioner may view the potential loss of such privileges as a "sanction" for his withdrawal from the IFRP, the Seventh Circuit does not share his analysis. Petitioner is free to withdraw from the payment program, but must face the consequences of his decision.

Moreover, this Court does not have authority to interfere with the BOP's discretion in its administration of the IFRP program. See *In re Buddhi*, No. 10-3802, slip op. at 4 (7th Cir. Sept. 9, 2011) (stating a district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP payment plan installment); see also *McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1999) (providing that BOP has discretion to increase prisoner's payment under IFRP and to penalize him for refusing to accept the increase).

As to the $75 per month exclusion requested by petitioner, this exclusion from the IFRP assessment is mandated by 28 C.F.R. § 545.11(b). The $450 exclusion is explained in the BOP Policy Program Statement as the figure to be used in the regular six-month review of an IFRP participant's financial plan, which is simply six times the $75 per month exclusion. Fed. Bureau of Prisons, Policy Program Statement 5380.08 8. b. (Aug. 15, 2005), *available at* http://www.bop.gov/DataSource/execute/dsPolicyLoc. Because these regulations provide petitioner with the alternative relief he requests should he choose to continue his participation in the IFRP, this portion of his petition is moot.

For the above reasons, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** September 16, 2011

Digitally signed by David R. Herndon
Date: 2011.09.16 16:57:19 -05'00'

**Chief Judge**
**United States District Court**